IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROYAL DOUGLAS ROBINSON,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:18-CV-0285-B-BH |
| | ) | |
| **COURTNEY FERREIRA,** | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

**I. BACKGROUND**

On February 26, 2018, Royal Douglas Robinson (Plaintiff) filed this *pro se* civil rights action against a forensic biologist and DNA analyst at Southwestern Institute for Forensic Sciences (SWIFS) in Dallas, Texas, in both her official and individual capacities. (*See* doc. 3 at 3; doc. 10 at 1-2.)[1] Plaintiff was charged with capital murder in Cause No. F16-00017. (*See* doc. 3 at 6-7.) On March 20, 2015, physical evidence in that case was submitted to the analyst for a DNA analysis. The analyst did not test a pair of latex gloves found at the scene that were submitted for analysis. (*See* doc. 10 at 2.) She testified at trial about results from analytical testing of other evidence, but she did not testify that she had the gloves but had not tested them. (*See id.* at 3, 7.) On April 14, 2016, Plaintiff was convicted of capital murder and sentenced to life without parole. (*See* doc. 3 at 6; doc. 10 at 3.) He appears to raise claims under 42 U.S.C. § 1983 for perjury, a violation of his right to due process, psychological and physical injury, intentional infliction of emotional distress,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

deliberate indifference, and obstruction of justice based on the failure to perform DNA testing on the gloves. (*See* doc. 10 at 2, 7.) He alleges that SWIFS had a custom of withholding exculpatory DNA evidence, and that it is liable for the analyst's actions. (*See id.* at 4-5, 7.) He contends that an analysis of the gloves would have been exculpatory, and that without the DNA results from testing the gloves, he was wrongfully convicted. (*See id.* at 2.) He seeks monetary damages. (*See id.* at 1, 7, 8.)

## I.  PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for

the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Id.* at 486-87.  A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Here, Plaintiff's claims against the defendant clearly challenge the validity of his state court conviction, so they are barred under *Heck*.  *See Ervin v. Dallas County Dist. Atty's Off.*, 554 F. App'x 324 (5th Cir. 2014) (per curiam) (finding that award of damages on claim that SWIFS

3

violated the plaintiff's rights by misplacing DNA evidence in his case implicitly questioned the validity of his conviction and affirming dismissal as *Heck*-barred). He has not demonstrated that his allegedly improper conviction and incarceration have been reversed, invalidated, or expunged prior to bringing this action under § 1983, so his claims are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### III. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice as frivolous under § 1915A(b) and § 1915(e)(2)(B) until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SO RECOMMENDED on this 28th day of May, 2019.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE